IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KEVIN NESBIT,   No. 3:19-cv-01611-HZ

        Plaintiff,

   v.

JASON TUCK, (DBA) HAPPY VALLEY,   OPINION & ORDER
OR CITY MANAGER, STEVE CAMPBELL
(DBA) DIRECTOR OF PUBLIC SAFETY
FOR THE CITY OF HAPPY VALLEY,

        Defendants

Kevin Nesbit
14705 SE Badger Creek Road
Happy Valley, Oregon 97086

   Plaintiff Pro Se

HERNANDEZ, District Judge:

   Plaintiff Kevin Nesbit, appearing pro se, brings this action against Jason Tuck and Steven

Campbell. Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income

1 - OPINION & ORDER

or assets, I grant the motion. However, for the reasons explained below, I dismiss the Complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## DISCUSSION

I. Allegations

In his single-page Complaint, Plaintiff alleges that on June 7, 2018, the Happy Valley Municipal Court mailed a court notification to Plaintiff at the wrong address. Compl. at p. 1, ECF 2. Because of the Court's error, Plaintiff missed his court date. *Id.* He alleges that as a result, he was found guilty of "Driving a Motor Vehicle While Using Mobile Electronic Device." *Id.* In order to prevent the suspension of his license, he paid $1,015. *Id.* He alleges that he requested a "reconsideration from the courts" but it was denied. *Id.* He then requested help from

Tuck, whom he identifies as the City Manager, as well as Campbell, whom he identifies as the City of Happy Valley's Director of Public Safety. *Id.* He contends that both Tuck and Campbell refused to help him and insisted that the "mailing system is perfect." *Id.* Plaintiff alleges that the facts show a "clear violation of Due Process, Fraud, and deliberate abuse of authority, Power and position." *Id.* He seeks damages in the amount of $1,015 for the traffic citation, a $265 filing fee, an anticipated 5% increase in insurance coverage estimated to be $300 per year, and punitive and monetary damages in an amount which is alleged to be either $2,500 or $2,500,000. *Id.*[1]

II. Federal Rule of Civil Procedure 8

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Id.* (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, internal quotation marks, and brackets omitted).

/ / /

---

[1] The ambiguity exists because the amount is pleaded as "$2.500,000."

A. Jurisdiction

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

Plaintiff fails to assert the basis for federal court jurisdiction but his allegations suggest he raises a federal constitutional claim under the Fourteenth Amendment Due Process Clause, creating a federal question. 28 U.S.C. § 1331; *Stillaguamish Tribe of Indians v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019) (under § 1331, civil actions arising under the Constitution of the United States present federal question jurisdiction). Thus, construing the Complaint to raise a federal due process claim, a federal question is presented and jurisdiction in federal court is proper.

B. Claim Elements

Federal constitutional claims of the type Plaintiff asserts here are brought under 42 U.S.C. § 1983. *See Gonzaga Univ. v. Doe,* 536 U.S. 273, 285 (2002) (section 1983 supplies the cause of action for an alleged federal constitutional violation). That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

To state a § 1983 claim against an individual defendant, a plaintiff must allege that the

defendant personally participated in the conduct giving rise to the claim. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of "personal participation in the alleged rights deprivation"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). Here, Plaintiff names two individual Defendants, Tuck and Campbell, but fails to allege that either one sent the court notification to the wrong address. Although they allegedly were later unhelpful in assisting Plaintiff, the basis of the due process claim is the failure to properly notify Plaintiff of a hearing. *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976) (stating that "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment" and explaining that the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner") (internal quotation marks omitted). Tuck's and Campbell's alleged involvement occurred only after the alleged due process violation occurred. There are no allegations that either Tuck or Campbell, the only named Defendants, personally participated in mailing the notice or in providing the incorrect address in the notice. Thus, without such allegations, Plaintiff fails to state a claim against any named Defendant.

Although Plaintiff does not allege that either Tuck or Campbell is liable because of their status as supervisors, their job titles might implicate such supervisory authority. However, supervisory liability under § 1983 may not be based on respondeat superior. *Jones*, 297 F.3d at 934 (citing *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691-94 (1978)). "A supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional

deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (internal quotation marks omitted). "'The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.'" *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Thus, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d at 1208 (internal quotation marks omitted).

Finally, to the extent the claim is viewed as a claim against "Happy Valley Municipal Court," it is likely a claim against a municipality, assuming that the Happy Valley Municipal Court is part of the City of Happy Valley. But, under § 1983, municipal liability claims arise only when "action pursuant to official. . . policy of some nature caused a constitutional tort" and not on the basis of respondeat superior. *Monell*, 436 U.S. at 691-94. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Municipal liability attaches "only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Ulrich v. City & Cty. of*

*S.F.* 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694).

The circumstances in which *Monell* liability may be found under § 1983 are "carefully circumscribed." *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). The Ninth Circuit has noted:

> Showing a longstanding practice or custom which constitutes the standard operating procedure 'of the local government entity is one way to establish municipal liability. . . . There are, however, two other routes available for a plaintiff to establish the liability of municipal defendants: (1) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (2) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Ulrich*, 308 F.3d at 984-85 (internal quotation marks and citations omitted).

The Complaint presently fails to state a § 1983 due process claim against Tuck or Campbell as individuals or supervisors. It also fails to state a claim against the Happy Valley Municipal Court/City of Happy Valley. Accordingly, the Complaint is dismissed for failure to state a claim. Because Plaintiff may be able to state a viable due process violation claim, he is given leave to amend his Complaint.

III. Motion to Appoint Counsel

Plaintiff moves to appoint counsel. He states that he is unable to afford an attorney and that his efforts in requesting help from the ACLU and others were unsuccessful. Mtn. to Appt. at p. 1, ECF 3.

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), I have discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.

*Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While I may request volunteer counsel in exceptional cases, I have no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 308 (1989).

In order to determine whether exceptional circumstances exist, I evaluate a plaintiff's likelihood of success on the merits and the ability of a plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (same).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts involved are not of substantial complexity. The relevant legal standards are provided in this Opinion & Order. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under section 1915(e). The Court advises Plaintiff that a thirty-minute free legal consultation may be available to him by applying at www.fedlawclinic.com.[2]

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [1] is granted. The Complaint [2] is dismissed with leave to amend. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court. The motion to appoint counsel [3] is denied. Any

---

[2] The application questionnaire may also be accessed through the Federal Bar Association, Oregon chapter, website: https://oregonfederalbarassociation.org/federal-law-clinic/

8 - OPINION & ORDER

amended complaint is due within twenty-one (21) days of Opinion & Order.

    IT IS SO ORDERED.

    Dated this     November 15, 2019    .

_____
Marco A. Hernandez
United States District Judge